DISTRICT COURT OF GUAM

| | |
|---|---|
| TAISEN JESSY,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSE B. PALACIOS, Director of Guam Department of Corrections; DR. YOUNG CHANG, Physician of Guam Department of Corrections,<br><br>        Defendants. | Civil Case No. No. 10-00020<br><br>**ORDER RE: APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, MOTION FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL, AND MOTION FOR APPOINTMENT OF COUNSEL** |

This matter comes before the court on the Application to Proceed without Prepayment of Fees, Motion for Service of Process by United States Marshals and Motion for Appointment of Counsel, filed by the Plaintiff Taisen Jessy on August 3, 2010. *See* Docket Nos. 2, 3, and 5.

**A.    Request to proceed without prepayment of fees**

The Plaintiff is an inmate confined at the Guam Department of Corrections ("DOC"). *See* Docket No. 1. The court has reviewed Plaintiff's application and affidavit, which indicates that he is not employed at DOC, does not receive any payment from DOC, and has no cash, checking or savings accounts. *See* Docket No. 3. Furthermore, the Plaintiff has not received any money from any source in the last twelve months. *See id.*

The court finds that the Plaintiff has sufficiently shown that he is unable to pay the fees required to maintain this action. Therefore, the Application to Proceed Without Prepayment of Fees is hereby **GRANTED.**

**B.     Request for service by U.S. Marshals Service**

The Plaintiff has requested that service of the summons and complaint be effected by the U.S. Marshals Service. *See* Docket No. 5. The Ninth Circuit has held that "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Based on this court's finding that the Plaintiff is qualified to proceed in forma pauperis, he therefore "is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Id.* Accordingly, the Motion is hereby **GRANTED.**

**C.     Motion for appointment of counsel**

The Plaintiff requests the court to appoint counsel to assist him in his case. *See* Docket No. 2. He contends that the issues in the case are complex and will require investigation that cannot be undertaken while he is in DOC custody. *See id.* He further contends, *inter alia*, that the DOC Law Library lacks legal materials and that he has limited knowledge of the law, and that counsel would be able to explain to him the legal principles and limit litigation to meritorious claims. *See id.*

28 U.S.C. § 1915 (e)(1) provides for the appointment of counsel, and states: "The court may request an attorney to represent any person unable to afford counsel." However, an appointment pursuant to this statute is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).[1] "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez.*, 560 F.3d 965, 970 (9th Cir. 2009). An appointment of counsel in a civil case requires a court to find that "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).[2] "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the

---

[1] This case cite s § 1915(d), the form er codification of 28 U.S.C. § 1915(e)(1). Section 1915(d) stated: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

[2] *Terrell* interpreted § 1915(d). *See supra*, note 1.

ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel . . . ." *Id.* Therefore, the court examines the Plaintiff's claims and to determine whether "exceptional circumstances" exist.

  **1.**   **Likelihood of success on the merits**

  The Plaintiff's action is made pursuant to 42 U.S.C. § 1983, and he alleges that the defendants' failure to provide him with medical treatment amounts to deliberate indifference and violates his constitutional rights. The Plaintiff describes the incident giving rise to his Complaint: "Sometime in 2007 at the Guam Detention Facility in Hagåtña, while working on an air conditioning unit, debris went into plaintiff's right eye." Docket No. 1. The Plaintiff contends that as a result of this incident, he is experiencing "blurry vision, redness of his eyes, pain and itchiness, as well as headaches." Docket No. 1. He contends that he "is suffering from acute physical conditions and is in urgent need of medical care that the defendants have failed to provide. As a result, plaintiff suffers from pain and discomfort due to his medical conditions." *See id.*

  According to the Plaintiff, he has made many complaints about his eye condition during his current confinement at DOC. *See id.* In April or May 2009, he was referred to and was treated by Dr. Jack Robert. *See id.* Dr. Robert scraped a cataract from the Plaintiff's right eye, prescribed eye drops and scheduled him for a follow-up appointment. Dr. Robert also informed the Plaintiff that he needed eyeglasses. *See id.*

  According to the Plaintiff, he was never taken to his follow-up appointment, his prescription for eyedrops was not refilled because he needed another prescription, and he was told his family would have to pay for eyeglasses. *See id.* The Plaintiff submitted a "Remedy Request" to the DOC Warden on February 17, 2010, and the Warden responded on February 19, 2010, indicating that action was needed in his case. *See id.* Four days later, the Plaintiff was

brought to Dr. Robert, who gave another prescription for eyedrops. The Plaintiff states that when the eyedrops ran out, DOC would not provide him with more. *See id.* On March 30, 2010, the Plaintiff saw Defendant Chang, but was not treated by him or referred to an eye doctor because DOC "owes the clinic money and that there is no money." Docket No. 1. When the Plaintiff again asked about eyeglasses, Defendant Chang reiterated that the Plaintiff was "to check his family." *Id.* The Plaintiff filed grievances on April 7, 2010 and April 26, 2010 but did not receive responses.

"An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect." *Id.*

In essence, the Plaintiff's § 1983 case is based on his claim that his medical condition is "urgent," and that he "suffers from pain and discomfort due to his medical conditions." Docket No. 1. However, he has failed to show "deliberate indifference" by prison officials to his "serious medical needs." *Estelle*, 429 U.S. at 104.

The record reveals that the Plaintiff was treated by a specialist and provided with medication. "Although [his] treatment was not as prompt or efficient as a free citizen might hope to receive, [he] was given medical care at the prison that addressed his needs." *Wood*, 900 F.2d at 1334. The Plaintiff believes that his medical condition is "urgent" and that he needs eyeglasses and eyedrops as prescribed by Dr. Robert. This dispute, however, constitutes a difference of opinion regarding treatment. "A difference of opinion" between medical professionals as to the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). For the

Plaintiff to successfully challenge this decision, he must show that the course followed by Defendant Chang was "chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). He has not made this showing.

Based on the foregoing analysis, the Plaintiff has not demonstrated a likelihood of success on the merits, which weighs against a finding of exceptional circumstances.

### 2. Complexity of the issues

The second factor requires evaluation of the Plaintiff's ability to articulate his claims in light of the complexity of the issues raised. The Plaintiff contends that he needs an attorney to assist him, as he has a limited knowledge of the law, DOC does not provide inmates with legal assistance from those trained in the law, and the DOC Law Library lacks legal materials. Moreover, he argues that the case will require investigation and that appointed counsel would give him "representation equally qualified with the professional counsel provided by the Government of Guam for the defendants." Docket No. 2. Finally, he argues that "the ends of justice would be served" if counsel were appointed in this case. *See id.*

Contrary to the Plaintiff's contention, the issues in this case are not complex. Quite simply, he challenges the treatment he received for the pain and discomfort in his eye. Furthermore, the court is not persuaded by his argument that investigation is needed. The Ninth Circuit has recognized:

> Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (footnote omitted). The record in the case, including Plaintiff's pro se court documents and the exhibits (his communications to DOC), reveal that he is able to articulate his arguments. This factor also weighs against a finding of exceptional circumstances.

///

### 3. Conclusion

The court concludes that the Plaintiff has neither demonstrated a likelihood of success on the merits, nor shown that the complexity of the issues involved was sufficient to require the appointment of an attorney. Accordingly, the court finds that the Plaintiff has not demonstrated exceptional circumstances to warrant the appointment of counsel pursuant to § 1915(e)(1). Therefore, his Motion for Appointment of Counsel is **DENIED.**

**SO ORDERED**.



/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Sep 14, 2010**